

FILED

MAR 13 2020

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) JAMES GIFFORD  Plaintiff,  v.  1) LOWE'S HOME CENTERS LLC  Defendants. | ) 20 CV 102 GKF - FHM  ) Case No.  ) ATTORNEY'S LIEN CLAIMED  ) JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW the Plaintiff, James Gifford ("Gifford"), by and through his attorney, Mary R. Bundren of the Bundren Law Firm, P.C., and in support of his claims against the Defendant, Lowe's Home Centers LLC ("Lowe's") for violations of the Family Medical Leave Act, Retaliation, arising out of his employment and termination by said Defendant, alleges and states as follows:

### JURISDICTION AND VENUE

1. Upon belief, Defendant Lowe's has a principal place of business in Mooresville, North Carolina and conducts business throughout the United States including in the Northern District of Oklahoma. This Court has jurisdiction and venue in the Northern District of Oklahoma pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1331.

2. At all times material and relevant herein, Gifford was employed at the Lowe's located at 71st Street and Highway 169 in Tulsa, Oklahoma, located in the Northern District, for fourteen (14) years, and at the Lowe's located in Tahlequah, Oklahoma in his final two (2) years.

### BACKGROUND

3. Due to some serious health events Gifford requested FMLA and discussed in detail with

Lowe's his FMLA options.

4. Less than two weeks after confirming his plan with Lowe's to take FMLA and one day after he received an annual raise, Gifford was unlawfully terminated for the stated reason that he was not properly working his shift, the circumstance for which he had requested FMLA in the first place (unable to perform the essential functions of his job).

5. The termination was in retaliation for Gifford's FMLA request. Lowe's unlawfully interfered with and denied Gifford the exercise of or the attempt to exercise his rights provided by the FMLA.

## GENERAL STATEMENT OF FACTS

6. Gifford began employment at Lowe's in 2002 and had been continuously employed until his termination on March 16, 2018.

7. At the time of termination Gifford was employed as store manager for Lowe's in Tahlequah, Oklahoma.

8. Gifford earned approximately $112,000 annually in salary and benefits.

9. On or about February 8, 2018, Gifford received a potential cancer diagnosis. In light of the serious nature of the diagnosis and treatment, on or about the first week of March 2018, Gifford contacted Lowe's human resources regional manager Stephen Walkup to discuss FMLA.

10. Gifford confirmed with Mr. Walkup that he planned to take FMLA.

11. Mr. Walkup confirmed that he understood.

12. On March 15, 2018, Gifford received a raise.

13. On March 16, 2018, Gifford was terminated for being unable to perform his job properly. Gifford attempted to explain that he had discussed leave pursuant to the FMLA with Mr. Walkup. He was told by his supervisor and HR manager that they were not interested in further conversations about FMLA.

Timeline of Events Prior to Termination

14. February 2002: Gifford employed as customer service associate, 71st and 169, Tulsa, Oklahoma at age nineteen (19).

15. On or about 2003: Gifford promoted to team leader, same store as above.

16. On or about 2004: Gifford promoted to department manager for approximately five (5) years, as above.

17. On or about 2009: Gifford promoted to assistant store manager for approximately five (5) years, as above.

18. On or about 2014: Gifford promoted to store manager at Tahlequah, Oklahoma Lowe's until termination on March 16, 2018 at age thirty five (35).

19. February 20, 2017: Manager Christopher Waller stated in Gifford's FY 2016 Performance Management Plan, "Jimmy-Thank you for your solid performance in 2016! . . . Thanks for all you do and I look forward to a fantastic year in 2017!" Second level Manager Priscilla K. Woodrum further states, "Jimmy-73 EOS!!! WOW that is something to be proud of. . . . Thank you for your leadership to the employees and customers."

20. January 26, 2018: Second Level Manager Priscilla K. Woodrum stated in Gifford's FY 2017 Performance Management Plan, "Congratulations on a solid first year in performance and thank you for delivering the SSEI wins you have for our team . . . there is nothing more

important to me then [sic] winning for them as I know how much these checks can impact their lives. . . take the upcoming INVEST event to reflect on what made you good in 2017 and then in 2018 take it to the next level."

21. <u>On or about February 8, 2018</u>: Gifford attended Lowe's National Sales Meeting in Las Vegas, Nevada.

22. <u>On or about February 8, 2018</u>: While in Las Vegas, Gifford was contacted by his physician that a recent biopsy was likely malignant.

23. <u>On or about February 9, 2018</u>: Gifford returned from Las Vegas and sent an email to Priscilla Woodrum concerning his serious health issue. She responded, "Jimmy, your story has touched my heart. You have truly been through a lot (Gifford's sister had recently died in an auto accident) and not to worry, because we take care of our family @ Lowes. You're part of that family. I'm going to send your email to my HR representative to discuss options." Ms. Woodrum also informed Gifford's boss, Chris Waller, who spoke with Gifford over the phone about his health issues.

24. <u>On or about the week of February 18, 2018</u>: Gifford attempted to contact HR regional manager to discuss his health issues and the option of taking FMLA, but he was unable to reach him.

25. <u>On or about the last week of February/first week in March 2018</u>: Gifford discussed in detail his serious health condition with Stephen Walkup, which was causing an inability to perform the essential functions of his job. The conversation included cancer issues and psychological issues related to the recent death of his sister. Mr. Walkup discussed at length FMLA and the options that FMLA provides. Mr. Walkup did not require further

4

certification of health care providers. Gifford confirmed that he would pursue FMLA. Mr. Walkup confirmed that he understood.

26. <u>On or about March 15, 2018</u>: Gifford attended a meeting with his manager, Chris Waller. Mr. Waller gave Gifford an annual raise.

27. <u>On or about March 16, 2018</u>: Mr. Waller and Janet Gimlin, market area HR manager who reports to Mr. Walkup, came unannounced to the Tahlequah Lowe's store and terminated Gifford's employment, stating that he was not properly working his shifts. Gifford told them about the conversation he had with Mr. Walkup about his plans to take FMLA. He was informed that they did not want to hear about FMLA plans.

28. Since termination Gifford has had further medical testing, suffers from depression and anxiety and has been financially devastated.

29. Gifford had worked for Lowe's Home Improvement for sixteen (16) years, beginning when he was nineteen (19) years old.

30. He planned to remain at Lowe's until retirement in his sixties or beyond.

31. Gifford was terminated for reasons that were retaliatory, untrue and illegal.

## FIRST CAUSE OF ACTION:
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT 29 U.S.C. 2601 et seq.

For his First Cause of Action against Lowe's, Gifford alleges and states as follows:

32. The allegations contained in paragraphs 1 through 31 are incorporated by reference as if set forth at length herein.

33. Lowe's was and is a covered employer under FMLA, 29 U.S.C. § 2611(4)(A). At all times relevant herein, Gifford was an employee of Lowe's who was eligible for FMLA.

34. Lowe's violated FMLA by, among other things, by terminating Gifford within two weeks of making his lawful FMLA request.

35. As a direct and proximate result of Lowe's conduct, Gifford has suffered damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(i). Gifford is also entitled to damages under 29 U.S.C. § 2617(a)(1)(A)(iii) because Lowe's did not act in good faith, did not have any reasonable grounds to believe they were not violating FMLA or have any lawful grounds to terminate Gifford. Plaintiff is entitled to appropriate equitable relief including employment, reinstatement and promotion under 29 U.S.C. § 2617(a)(1)(B). Gifford is further entitled to an award of costs and reasonable attorney fees under 29 U.S.C. § 2617(a)(1)(A)(3).

## SECOND CAUSE OF ACTION:
## VIOLATION OF FAMILY MEDICAL LEAVE ACT–RETALIATION

For his Second Cause of Action against Lowes, Gifford alleges and states as follows:

36. The allegations set forth in paragraphs 1 through 35 are incorporated by reference as if set forth at length herein.

37. FMLA also makes it unlawful for an employer to retaliate against an employee who exercise his right to FMLA. 29 U.S.C. § 2615(a)(1). Lowe's retaliated against Gifford because he exercised his rights under FMLA by, among other things, terminating Gifford shortly after he had requested FMLA.

38. As a direct and proximate result of Lowe's conduct, Gifford has suffered damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(i). Gifford is also entitled to damages under 29 U.S.C. § 2617(a)(1)(A)(iii) because Lowe's did not act in good faith, did not have any reasonable grounds to believe they were not violating FMLA or have any lawful grounds to terminate

Gifford. Plaintiff is entitled to appropriate equitable relief including employment, reinstatement and promotion under 29 U.S.C. § 2617(a)(1)(B). Gifford is further entitled to an award of costs and reasonable attorney fees under 29 U.S.C. § 2617(a)(1)(A)(3).

## CLAIM FOR RELIEF

WHEREFORE, the Plaintiff, James Gifford, respectfully requests Judgment in his favor and against the Defendant, Lowe's, including but not limited to damages under 29 U.S.C. § 2617(a)(1)(A)(i); 29 U.S.C. § 2617(a)(1)(A)(iii) because Lowe's did not act in good faith, did not have any reasonable grounds to believe they were not violating FMLA or have any lawful grounds to terminate Gifford; equitable relief including employment, reinstatement and promotion under 29 U.S.C. § 2617(a)(1)(B); an award of costs and reasonable attorney fees under 29 U.S.C. § 2617(a)(1)(A)(3), and all other relief deemed appropriate by this Court.

Respectfully submitted,

_____
Mary R. Bundren, OBA No. 21947
BUNDREN LAW FIRM
900 Reunion Center
Nine East Fourth Street
Tulsa, OK 74103
Telephone: (918) 599-8600

ATTORNEY FOR PLAINTIFF
JAMES GIFFORD