# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) JAMES GIFFORD, | ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. CV-20-102-GKF FHM |
| 1) LOWE'S HOME CENTERS, LLC, | ) ) |
| Defendant. | ) ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Lowe's Home Centers, LLC ("Lowe's" or "Defendant") based upon present information and belief, for its Answer to Plaintiff James Gifford's ("Gifford' or "Plaintiff") Complaint, denies each and every material allegation in Plaintiff's Complaint, except as may be hereinafter specifically admitted, and further alleges and states as follows:

## JURISDICTION AND VENUE

1. Lowe's does not dispute that this Court has jurisdiction over Plaintiff's claims.

2. Lowe's admits that during all relevant periods, Plaintiff was employed at Lowe's stores located within the Northern District, and that he was employed at the two locations described in Paragraph 2 of Plaintiff's Complaint.

## BACKGROUND

3. Admit in part, deny in part. Lowe's admits that multiple employees discussed Plaintiff's FMLA options with him, but denies that Gifford requested FMLA.

4. Admit in part, deny in part. Lowe's admits that Plaintiff was terminated based on having failed to work the hours he was expected to work and failing to ask for approval or inform his Market Director of his absences, and clarifies that this was viewed as unprofessional behavior, and was in additional to a final warning for prior unprofessional/unethical behavior. Lowe's denies the remaining allegations in Paragraph 4 of the Complaint.

5. The allegations in Paragraph 5 of Plaintiff's Complaint contain legal conclusions, to which Lowe's is not required to respond pursuant to Fed. R. Civ. P. 8(b). To the extent a response is required, Lowe's denies the allegations.

## GENERAL STATEMENT OF FACTS

6. Admit.

7. Admit.

8. Lowe's is without sufficient information to either admit or deny the allegations in Paragraph 8 of the Complaint as Lowe's does not know what "benefits" Plaintiff is including in his calculations, and on that basis denies the same.

9. Lowe's is without sufficient information to either admit or deny the allegations in the first sentence of Paragraph 9 of the Complaint and on that basis denies the same. Lowe's denies the allegations in the second sentence of Paragraph 9 of the Complaint.

10. Deny.

11. Deny.

12. Deny.

13. Admit in part, deny in part. Lowe's admits that Plaintiff was terminated on March 16, 2018. Lowe's denies the remaining allegations in Paragraph 13 of the Complaint.

### Timeline of Events Prior to Termination

14. Admit.

15. Admit.

16. Admit in part, deny in part. Lowe's admits that Plaintiff was promoted to department manager in 2004, but denies that his tenure as a department manager lasted for approximately 5 years.

17. Admit in part, deny in part. Lowe's admits that Plaintiff was promoted to assistant store manager, but denies that this happened in 2009.

18. Admit in part, deny in part. Lowe's admits that Plaintiff was promoted to store manager at the Tahlequah, Oklahoma store, but denies that this happened in 2014. Lowe's further admits that Plaintiff was employed at the Tahlequah store until his termination on March 16, 2018, at which time he would have been 35 years old.

19. Admit.

20. Admit.

21. Admit.

22. Lowe's is without sufficient information to either admit or deny the allegations in Paragraph 22 of the Complaint and on that basis denies the same.

23. Lowe's is without sufficient information to either admit or deny the allegations in Paragraph 23 relating to the date Gifford returned home from Las Vegas or his location when he sent the February 10, 2018 email to Priscilla Woodrum, and on that basis, denies the same. Lowe's admits that Ms. Woodrum responded to Plaintiff but denies that the quoted language was in the email. Lowe's admits that Ms. Woodrum forwarded the email to Chris Waller and that Plaintiff and Mr. Waller had a discussion regarding Plaintiff's health issues on or around the time when Plaintiff was in Las Vegas.

24. Lowe's admits that Plaintiff and Mr. Walkup left each other messages back and forth between February 10 and when they ultimately spoke in early March. Lowe's disputes the allegation to the extent it implies that contact was initiated by Plaintiff and/or that Mr. Walkup was unavailable.

25. Lowe's is without sufficient information to either admit or deny the allegations in Paragraph 25 of the Complaint and on that basis denies the same.

26. Deny.

27. Lowe's admits that Mr. Waller and Ms. Gimlin arrived at the Tahlequah store unannounced on March 16, 2018 and terminated Plaintiff's employment. Lowe's denies the remaining allegations in Paragraph 27 of the Complaint.

28. Lowe's is without sufficient information to either admit or deny the allegations in Paragraph 28 of the Complaint and on that basis denies the same.

29. Admit.

30. Lowe's is without sufficient information to either admit or deny the allegations in Paragraph 28 of the Complaint and on that basis denies the same.

31. Deny.

## FIRST CAUSE OF ACTION:

## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT 29 U.S.C. 2601 et seq.

32. Lowe's incorporates all previous admissions, denials and other statements as if restated herein.

33. Paragraph 33 contains legal conclusions to which a response is not required under Fed. R. Civ. P. 8(b).

34. Paragraph 34 contains legal conclusions to which a response is not required under Fed. R. Civ. P. 8(b). Lowe's denies any wrongdoing and further denies that Plaintiff ever made an FMLA request.

35. Paragraph 35 contains legal conclusions to which a response is not required under Fed. R. Civ. P. 8(b). Lowe's denies any wrongdoing and further denies that Plaintiff is owed damages or entitled to equitable relief based on his claims.

## SECOND CAUSE OF ACTION:

## VIOLATION OF FAMILY MEDICAL LEAVE ACT—RETALIATION

36. Lowe's incorporates all previous admissions, denials and other statements as if restated herein.

37. Paragraph 37 contains legal conclusions to which a response is not required under Fed. R. Civ. P. 8(b). Lowe's denies any wrongdoing and further denies that Plaintiff ever made an FMLA request.

38. Paragraph 38 contains legal conclusions to which a response is not required under Fed. R. Civ. P. 8(b). Lowe's denies any wrongdoing and further denies that Plaintiff is owed damages or entitled to equitable relief based on his claims.

## CLAIM FOR RELIEF

The allegations under the "Claim for Relief" do not state factual allegations and therefore no response is required. To the extent a response is required, all allegations in this paragraph are denied. Lowe's denies any wrongdoing and further denies that Plaintiff is owed damages or entitled to equitable relief based on his claims.

## AFFIRMATIVE DEFENSES AND ADDITIONAL DEFENSES

1. Plaintiff's allegations and causes of action fail because Defendant took all actions for legitimate, non-discriminatory and non-retaliatory business reasons unrelated to any request or need for FMLA leave.

2. Plaintiff's claims are barred or diminished to the extent he has failed to mitigate his damages, the existence of which are denied.

3. Plaintiff's complaint fails to state facts sufficient to enable Plaintiff to recover exemplary or punitive damages from Defendant.

4. Defendant has in place clear and well-disseminated policies against discrimination on the basis of all protected statuses and against retaliation, and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. To the extent Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Lowe's, his employer, or to avoid harm otherwise, Plaintiff's claims for damages are barred or limited.

5. Defendant is not liable for punitive damages because neither it nor any of its officers, directors, or managing agents committed any acts that were willful, wanton or, in reckless disregard of Plaintiff's rights. Further, Defendant is not liable for punitive damages because of its good faith efforts to comply with federal employment laws.

6. Defendant acted in good faith in all its actions with respect to Plaintiff's employment at Lowe's.

7. Plaintiff's FMLA claims fail because Defendant would have taken the same employment actions even if Plaintiff had never requested protected leave.

8. Pleading in the alternative, even if prohibited reasons are found to be a motivating factor in the acts or omissions of Defendant, which was not the case, Defendant would have made the same decisions in the absence of impermissible motivation, based on legitimate, non-discriminatory, non-retaliatory business reasons.

WHEREFORE, having answered fully, Defendant Lowe's prays that Plaintiff's requests for relief be denied; that judgment be entered in favor of Lowe's; that Plaintiff take nothing by way of his Complaint; and that Lowe's be awarded its costs, attorneys' fees and such other relief as the Court deems appropriate.

Respectfully submitted,

*s/ Mary P. Snyder*
Mary P. Snyder, OBA #31427
Michael W. Bowling, OBA #19758

CROWE & DUNLEVY
A Professional Corporation
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
mary.snyder@crowedunlevy.com
michael.bowling@crowedunlevy.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May, 2020, I electronically transmitted the attached document to the Court Clerk using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

Mary Rodgers Bundren
Bundren Law Firm PLLC
9 E. 4th St, Ste 900
Tulsa, OK 74103
mary@bundrenlaw.com

*s/ Mary P. Snyder*
MARY P. SNYDER